IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MITCHELL SCOTT PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>BOZEMAN CITY COURT, ET AL.,<br><br>Defendants. | CV-23-00023-BU-BMM<br><br>ORDER |

Plaintiff Mitchell Scott Patterson has filed a 42 U.S.C. § 1983 complaint. (Doc. 1.) The Complaint fails to state a claim for relief and will be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Patterson is incarcerated at Crossroads Correctional Center, but the events he complains of occurred in Bozeman, Montana. He is proceeding in forma pauperis and without counsel. He names as Defendants Bozeman City Court, State Prosecutor Eric Kitzmiller, and Bozeman Paper. (Doc. 1 at 1 (caption).)

### B. Allegations

The events at issue occurred in mid-May, 2020. (Doc. 1 at 4.) Patterson alleges that defendant/prosecuting attorney Eric Kitzmiller called him a

1

"brainwasher," which Patterson characterizes as slander. This statement was made during a court appearance regarding the alleged victim of Patterson's crime. (Doc. 1 at 4.) As a result, Judge West[1] required a $500,000 bond, which was too high for Patterson, and he was unable to bond out. (Doc. 1 at 2.) The judge also failed to intervene when Kitzmiller was making these comments. The Bozeman newspaper repeated these slanderous remarks. (Doc. 1 at 4.) Patterson asserts that he would have gone to trial, but for the fact that his reputation was so destroyed in the public eye. (Doc. 1 at 1.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Patterson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

For the following reasons, Patterson's Complaint fails to state a claim for relief and must be dismissed. First, Kitzmiller is immune from suit for his comments made during a court proceeding. "A prosecutor performing an

---

[1] This name is difficult to read in Patterson's hand-written submission and may be incorrect.

advocate's role is an officer of the court entitled to absolute immunity." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999).

Second, Patterson has named a non-state actor as a defendant. To the extent he is claiming a violation of his rights by the Bozeman newspaper, that claim is not cognizable as a civil rights action in federal court. A claim under 42 U.S.C. § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). The Bozeman newspaper was not acting under color of state law when it published whatever it did about Patterson and therefore is not subject to a 42 U.S.C. § 1983 suit.

The third reason Patterson's Complaint fails to state a claim for federal relief also arises out of the elements of a § 1983 claim: Patterson does not allege that Kitzmiller's actions violated a right "protected by the Constitution or created by a federal statute." *Id.* Slander is a form of speech that is excepted from the First Amendment protections of the Constitution, in certain instances, but freedom from slander is itself not protected by it. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

Slander is generally considered a cause of action that arises under state law, as it does in Montana. Mont. Code Ann. § 27-1-801 et seq. As such, it is not a federal claim that can, solely, sustain a § 1983 action. While it is possible to state a "defamation-plus" claim under Section 1983, such a claim requires that a plaintiff either "(1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right." *Herb-Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphasis in original). Patterson suggests that had the comments not been made, he would have gone to trial, which raises the possibility of the second type of defamation-plus claim. However, his choice not to go to trial was his own, making it impossible to know how any comment would have affected a trial. The "plus" in this circumstance is too attenuated to state a claim.

Fourth, defendant City Court of Bozeman is not a "person" acting under color of state law. To the extent he intends to name the judge who may have repeated the allegedly slanderous remarks, or imposed a bond amount that exceeded Patterson's ability to pay, these acts are protected by judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v.*

*Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Finally, a communication made in a judicial proceeding, and in the proper discharge of an official duty, is privileged. Mont. Code Ann. § 27-1-804. On the face of Patterson's allegations, the offending statement was made by officials during a judicial proceeding, and is therefore privileged and not slanderous. Mont. Code Ann. § 27-1-803.

### III. CONCLUSION

The Court has screened Patterson's Complaint and determined that it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 and 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Given the facts alleged, the Court concludes that the Complaint's deficiencies could not be cured by amendment.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Patterson's Complaint is **DISMISSED** for failure to state a claim. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the filing of this Complaint counts as a strike against Patterson within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 12th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court